[No. 17090.  *En Banc.*  March 28, 1922.]

THE STATE OF WASHINGTON, *on the Relation of C. H. Lehman, Appellant,* v. KENNETH L. PARTLOW *et al., Respondents.*[1]

HEALTH (5, 6)—REGULATION—POWER TO MAKE—CONTAGIOUS DISEASES. The state board of health has power, under Rem. Code, § 5406 [Rem. Comp. Stat., § 6001], to provide quarantine regulations fixing isolation periods for unvaccinated pupils and teachers which are binding and conclusive in the courts, unless it can be said that they are arbitrary, capricious or unreasonable.

SAME (5, 6). A valid order of the director of health as to the vaccination of school children and fixing an isolation period for unvaccinated persons is binding upon school directors in their official capacity, and authorizes them to make an order enforcing the regulations.

APPEAL (102)—RIGHT TO APPEAL—CESSATION OF CONTROVERSY. An appeal from a writ of mandate requiring the admission of a pupil who had been excluded from school for eighteen days, becomes a moot question, when not heard until after the expiration of the period.

MITCHELL, J., dissents.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered February 8, 1922, upon sustaining a demurrer to the answer, dismissing an action for a writ of mandamus, after a hearing before the court. Affirmed.

[1]Reported in 205 Pac. 420.

*Vance & Christensen,* for appellant.

*The Attorney General* and *Roscoe R. Fullerton,* for respondents.

*F. W. Loomis, amicus curiae.*

TOLMAN, J.—On July 27, 1921, the state board of health, proceeding regularly, adopted and promulgated the following rule and regulation:

"If smallpox exists in a community, the county or city boards of health shall provide free vaccination for persons who have no funds to procure vaccination from other sources. When smallpox exists in a community, no child, teacher or janitor shall be permitted to attend school, or teach or labor therein, without presenting satisfactory evidence of having been successfully vaccinated within seven years from the date of the commencement of the school term: *Provided,* that should any city or county health officer, having jurisdiction over any school district in which there is a case of smallpox, be of the opinion that any pupil, teacher or janitor, as mentioned herein, should not be vaccinated because of some physical defect or some active or latent disease, then such health officer shall refer the matter to a board of three competent, licensed and practicing physicians, actually living within the jurisdiction of such health officer, such board to be appointed by the board of health having jurisdiction over such health officer; should a majority of such board of physicians, after a careful personal examination, be of the opinion that any such pupil, teacher or janitor is not in condition to submit to vaccination, and that such vaccination would prove harmful to such pupil, teacher or janitor, then such health officer shall issue a certificate to that effect and such pupil, teacher or janitor shall not thereafter be required to submit to such vaccination during the time specified by such board of physicians: *Provided,* that should action be referred to a board of physicians as provided herein, then such pupil, teacher or janitor shall be prohibited from attending, teaching or labor-

ing in or around such school until the matter is finally determined by such board of physicians.''.

This regulation, ever since its adoption, has been, and now is, in full force and effect.

For some time prior to and at the time this action was instituted, the disease of smallpox was prevalent in various parts of the state, and particularly in the city of Olympia, which comprises school district No. 1 of Thurston county. On or about January 16, 1922, the director of public health of the state of Washington notified the county health officer of Thurston county, and the city health officer of the city of Olympia, that, in his opinion, owing to the prevalence of smallpox in the public schools of the district referred to, all pupils in such schools were ''contacts,'' or, in common parlance, possible carriers of the disease, and that because of the conditions, the regulation hereinbefore set out should be vigorously enforced, and that no child should be permitted to attend the public schools except upon compliance with the conditions contained in the regulation. The county health officer thereupon gave notice to respondents, as directors of school district No. 1, of the directions so received from the state director of health. Following the receipt of this notice, and on January 19, 1922, respondents, as such directors, issued to all to be affected thereby a bulletin or notice containing the following language:

''Prior to February 1st, 1922, it will be necessary for every pupil, janitor and teacher in the schools of Thurston county to present to the school authorities either a physician's certificate showing that the individual concerned has had smallpox or a similar certificate evidencing vaccination within the last seven years. Those who do not comply with the foregoing regulations are to be excluded from the schools and isolated in their homes for a period of eighteen days immediately following the date mentioned.''

Hazel Lehman, appellant's minor daughter, was then a pupil in one of the schools of the district. It is not claimed that she was in fact a disease carrier, that she then had smallpox, or was other than a normal, healthy child. She failed, however, to comply with the regulation of the state board of health, or with the notice from the school board, and was accordingly excluded from the school in which she was enrolled, on February 1, 1922. Thereupon appellant, as relator, filed his affidavit in the superior court for Thurston county, seeking a writ of mandate requiring the school directors to readmit the pupil named to the public schools. An alternative writ was issued, to which respondents made return. A demurrer was interposed to the return, and upon a hearing thereon, the demurrer was overruled. Appellant electing to stand upon his demurrer, a judgment followed quashing the alternative writ and dismissing the action, from which appellant prosecutes this appeal.

It will thus be seen that the facts are not in dispute. The question presented is one of law only, namely, has the state board of health power to promulgate and enforce the regulation mentioned?

Section 1, Art. XX, of the constitution provides:

"There shall be established by law a state board of health and a bureau of vital statistics in connection therewith, with such powers as the legislature may direct."

Pursuant to this mandate, §§ 5404 to 5415, inclusive, of Rem. Code were enacted. Section 5404 (P. C. § 5277), creating the board, has been superseded by § 56, ch. 7, p. 34, of the Laws of 1921. [Rem. Comp. Stat., § 10814.] The later act, while it changes the personnel of the board in part, does not in any degree affect or change its powers and duties. These powers

and duties are defined in § 5406 (P. C. § 5278), which reads:

"The state board of health shall have supervision of all matters relating to the preservation of the life and health of the people of the state. The board shall have supreme authority in matters of quarantine, and may declare and enforce it when none exists, may modify, relax or abolish it when it has been established. The board may have special or standing orders or regulations for the prevention of the spread of contagious or infectious diseases, and for governing the receipt and conveyance of remains of deceased persons, and such other sanitary matters as admit of and may best be controlled by universal rule. It may also make and enforce orders in local matters, when in the opinion of the state board of health, an emergency exists and the local board of health has neglected or refused to act with sufficient promptness or efficiency, or when no such local board has been established, and all expenses so incurred shall be paid by the county in which such services are rendered out of the general fund of said county. It shall be the duty of all local boards of health, health authorities and officials, officers of the state institutions, police officers, sheriffs, constables, and all other officers and employees of the state, or any county, city or township thereof, to enforce such quarantine and sanitary rules and regulations as may be adopted by the state board of health, and in the event of failure or refusal on the part of any member of said boards or other officials, or persons in this section mentioned to so act, he or they shall be subject to a fine of not less than fifty dollars, upon first conviction, and upon conviction of second offense of not less than one hundred dollars. The board shall make careful inquiry as to the cause of disease especially when contagious, infectious, epidemic or endemic, and take prompt action to control and suppress it. It shall respond promptly, when called upon by the state or local government and municipal or township boards of health, to investigate and report upon the water supply, sewerage, disposal of excreta, heating, plumb-

ing, or ventilation of any place or public building.''
[Rem. Comp. Stat., § 6001.]

Section 5408 (P. C. § 5293), provides for a commis-
sioner of health to be selected by the state board of
health, and § 5410 (P. C. § 5294), in defining the duties
of the commissioner of health, among other things, pro-
vides:

"It shall be his duty to strictly enforce all laws
passed for the protection of the public health and im-
provement of sanitary conditions of the state and to
enforce all rules, regulations and orders of the state
board of health. He shall investigate all epidemics of
disease that may occur in the state and advise the local
health officers as to the best measures to be taken to
prevent and control such disease and he shall super-
vise all measures taken by local health officers for the
suppression and control of disease." [Rem. Comp.
Stat., § 6004.]

Chapter 7, p. 12, Laws of 1921, § 2 [Rem. Comp.
Stat., § 10761], provides for a director of health in
lieu of a commissioner of health, and in § 59, p. 35, of
that act it is provided:

"The director of health shall have the power, and it
shall be his duty:
"(1) To exercise all the powers and perform all
the duties now vested in, and required to be performed
by, the state commissioner of health;" [Rem. Comp.
Stat., § 10817.]

So then, we have here a rule or regulation adopted
by the state board of health under the authority given
it by § 5406, *supra,* and enforced by the director of
health under the express terms of § 5410, *supra,* and
since in *State ex rel. McBride v. Superior Court,* 103
Wash. 409, 174 Pac. 973, after a full investigation and
consideration, this court in an exhaustive opinion up-
held the statute, declared the acts and rulings of the

board of health to be final and conclusive, and not to be reviewed by the courts or denied because the authority may be abused or the law maladministered, and that the finding of fact by a properly constituted health officer was final and binding upon the public as well as upon the courts, there seems to be nothing further which need be said, especially as there is no allegation or contention that the action complained of in this case was in anywise arbitrary, capricious or unreasonable.

Some contention is made that, because in § 5406, *supra,* school directors are not specifically named as among the officers whose duty it is to enforce the rules and regulations of the state board of health, the notice given by respondents should be held to be ineffectual for any purpose. But it follows from what has already been said that the order of the director of health, being valid, was binding upon all affected thereby, and the respondents, as school directors, had no more right to disregard or disobey that order in their official capacity than they would have as individuals.

A further argument is based upon the latter part of respondents' notice, which provides:

"Those who do not comply with the foregoing regulations are to be excluded from the schools and isolated in their homes for a period of eighteen days immediately following the date mentioned."

it being urged that the provision with reference to isolation was not embraced in the regulation of the state board of health; that the school board had no authority to add anything thereto, or to adopt rules of its own upon that subject. It is doubtful if, under the allegations of appellant's affidavit, which stands as a complaint in this case, or his prayer for relief, this question can now be presented; but, in any event, the eighteen day isolation period had fully expired before this case was reached for hearing in this court, and the

question is therefore a moot one only, which, under our well-established rule, we will not now consider or decide.

The judgment is affirmed.

PARKER, C. J., FULLERTON, BRIDGES, HOVEY, HOLCOMB, MAIN, and MACKINTOSH, JJ., concur.

MITCHELL, J. (dissenting)—This action was instituted on the relation of one in his own individual right, and it is plain to me that the whole case is now a moot one and that the appeal should be dismissed for that reason.